UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY DEWAYNE DILLARD,

    Defendant.

Case No. 3:23-cr-9

District Judge Michael J. Newman

---

**ORDER DENYING AS MOOT AND WITHOUT PREJUDICE DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT (Doc. No. 33)**

---

Defendant Anthony DeWayne Dillard previously pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Doc. Nos. 29, 30, 31. The parties' plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), contains an agreed sentencing disposition of "[n]o more than 41 months." Doc. No. 29 at PageID 72. The Presentence Investigation Report ("PSR") calculates the range of Dillard's advisory sentence under the U.S. Sentencing Guidelines ("the Guidelines") at 63 to 78 months imprisonment (total offense level 25; criminal history category II).[1] Doc. No. 33 at PageID 167. The PSR recommends, in part, that Dillard serve a 41-month term of imprisonment. *Id*.

The case is before the Court upon Dillard's single objection to the PSR, *id*. at PageID 170, and the Government's sentencing memorandum (Doc. No. 35). As will become readily apparent, a hearing is unnecessary to resolve Dillard's objection to the PSR.

---

[1] The PSR correctly consults the 2023 Guidelines because this is the edition presently in effect. Doc. No. 33 at PageID 135.

Dillard objects to the PSR's inclusion, in paragraphs 38 through 40, of a 4-level increase to his base offense level pursuant to the Guidelines § 2K2.1(b)(6)(B) for possession of firearms in connection with another felony offense. Dillard contends there is no evidence establishing that he did so.

The Government responds that if the Court accepts the parties' statement of facts contained in the plea agreement, Dillard's total offense level would be 21. Doc. No. 35 at PageID 181. Together with a criminal history category of II, his advisory sentencing range would be 41 to 51 months. *Id*. The Government asks the Court to accept the parties' plea agreement and sentence Dillard to a 41-month term of imprisonment. *Id*. at PageID 180-84. The PSR recommends sentencing Dillard to a 41 months imprisonment. *Id*. at PageID 167. In the PSR, the Probation Department, like the Government, recognizes that if the Court sustains Dillard's objection to the PSR, his total offense level would be 21, his criminal history category would be II, leaving a Guideline range of 41 to 51.

The Court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). Under this provision of the Federal Rules of Criminal Procedure, the Court need only "affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007).

As noted above, if the Court sustains Dillard's objection to the PSR, his Guidelines range would be 41 to 51 months imprisonment. Although this range this is lower than of 63 to 78 months range calculated by the PSR, there is no need to resolve Dillard's objection (or which sentencing range applies) because the parties agreed, pursuant to Rule 11(c)(1)(C), to a sentence of "no more

2

than 41 months imprisonment[.]" Doc. No. 29 at PageID 72.  Given this, if the Court accepts the parties Rule 11(c)(1)(C) plea agreement, it will be required to impose the parties' agreed-upon sentence of "no more than 41 months..." *See United States v. Garrett*, 758 F.3d 749, 757 (6th Cir. 2014) (recognizing that a Rule 11(c)(1)(C) plea agreement binds the Court to either accept its specific agreed-upon sentence or sentencing range, or reject the plea agreement).  A determination of the issue Dillard raises in his objection, in the words of Rule 32(i)(3)(B), "will not affect [his] sentencing[,]" if the Court accepts the parties' agreement under Rule 11(c)(1)(C) to a sentence of no more than 41 months.  The Court therefore declines at present to reach the merits of Dillard's objection to the PSR, pending the determination at his sentencing hearing of whether the parties' plea agreement will be accepted.

Thus, Dillard's objection is **DENIED AS MOOT and WITHOUT PREJUDICE**.  If the Court rejects the plea agreement during the sentencing, the Court will entertain the PSR objection at that time.

**IT IS SO ORDERED.**

January 25, 2024               s/Michael J. Newman
                               Hon. Michael J. Newman
                               United States District Judge